# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON, | 1:07-cv-01549 AWI DLB (HC) |
|         Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |
|    v. | |
| DAVID GOTTLIEB, | [Doc. 1] |
|         Respondent. | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on October 19, 2007.  (Court Doc. 1.)

## DISCUSSION

A.    <u>Procedural Grounds for Summary Dismissal</u>

      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be

1

1 pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2 B.       <u>Improper Respondent</u>

3       A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state
4 officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules
5 Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v.</u>
6 <u>California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having
7 custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
8 incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v.</u>
9 <u>United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u>, <u>also</u>, <u>Stanley v. California Supreme Court</u>,
10 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions
11 is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on
12 probation or parole, the proper respondent is his probation or parole officer and the official in
13 charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

14       In this case, Petitioner names David Gottlieb, California Superior Court Judge, Fresno
15 County, as Respondent.  The Judge of the Superior Court is certainly not the individual having
16 day-to-day control over Petitioner.

17       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
18 for lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326,
19 1326 (9th Cir. 1970); <u>see</u>, <u>also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd
20 Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect
21 by amending the petition to name a proper respondent.  <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026,
22 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
23 (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of</u>
24 <u>Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

25 C.       <u>Failure to State a Discernable Claim</u>

26       Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u> 908
27 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the
28 Rules Governing Section 2254 Cases (emphasis added) states:

The petition must:

> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner appears to be detained at the Fresno County Jail; however, it is not clear whether he is challenging an underlying conviction or a commitment to Atascadero State Hospital. Under the claims for relief section of the petition, Petitioner contends that his conviction was obtained in violation of privilege against self-incrimination and he was denied effective assistance of counsel. (Petition, at 5-6.) However, that is the extent of the Court's comprehension, as the facts supporting his alleged claims are incomprehensible. Petitioner completely fails to identify any of his grounds for relief with any specificity and he fails to support his claims with any facts. Therefore, the petition must be dismissed.

D.      Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner fails to state whether he sought relief in the California Supreme Court. If he has not presented his claims, whatever they may be, to the California Supreme Court, they are unexhausted and the petition must be dismissed. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

E.     Conclusion

The instant petition must be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., naming proper respondent, a

4

completely filled-out petition with cognizable federal claims and exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated: **November 13, 2007**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE