# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON, | 1:07-cv-01549 AWI DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO COMPLY WITH COURT ORDER; FAILURE TO NAME PROPER RESPONDENT; FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF; AND FAILURE TO EXHAUST STATE JUDICIAL REMEMDIES |
| v. | |
| DAVID GOTTLIEB, | |
| Respondent. | |
| | [Doc. 5] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 19, 2007. On November 14, 2007, the Court dismissed the petition with leave to amend. (Court Doc. 4.) Specifically, the Court found that Petitioner had failed to name a proper respondent, failed to state a cognizable claim for relief under § 2254, and failed to indicate whether the state judicial remedies were exhausted. (Id.) The Court send Petitioner a blank form petition pursuant to 28 U.S.C. § 2254.

On November 26, 2007, Petitioner filed a response to the Court's November 14, 2007. Petitioner's response is completely deficient. Petitioner did not follow any of the Court's directives as outlined in the November 26, 2007, order. First, Petitioner failed to utilize the form petition that was sent to him by this Court. Second, Petitioner failed to name a proper Respondent, as he still names David Gottlieb as Respondent. Third, Petitioner fails to set forth

his claims for relief.  Finally, Petitioner fails to indicate whether the state judicial remedies have been exhausted.  Rather, Petitioner entitles his document "Findings and Recommendation recommending Petitioner Motion To Suppress Evidence Respondent's As Moot Be Granted." (Court Doc. 5.)  Petitioner's document is incoherent and totally incomprehensible, as to any relief he may be seeking by way of a § 2254 petition.  Because it appears that Petitioner has made no attempt to comply with the Court's November 14, 2007, order, the instant petition should be dismissed for failure to comply with the Court's order.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 19, 2007.  The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given Petitioner's utter noncompliance with the Court's order, no lesser sanction is feasible.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 3, 2008**              /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE